IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN LEE WOODS | § | |
| v. | § | CIVIL ACTION NO. 6:22cv365 |
| WARDEN BRIAN COOPER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff John Lee Woods, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights.  The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On September 19, 2022, Plaintiff was ordered to pay an initial partial filing fee of $100.00, in accordance with 28 U.S.C. §1915(b).  By separate order, Plaintiff was directed to file an amended complaint setting forth a short and plain statement of his claims.  Plaintiff received these orders on September 27, 2022, and has filed his amended complaint; however, he has not complied with the order for an initial partial filing fee, nor has he responded to this order in any way.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court.  McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b).  Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action.  Id., *citing* Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962).  Plaintiff's failure to prosecute his case or to obey orders of the Court is demonstrated by his failure to pay the initial partial filing fee or to show good cause for the failure to do so.

1

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988), *citing* Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. McNeal, 842 F.2d at 793.

Plaintiff's failure to comply with the order for an initial partial filing fee is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. The incidents forming the basis of the lawsuit began in January of 2021, giving Plaintiff only a brief window to refile his lawsuit prior to the expiration of the two-year statute of limitations. Consequently, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice, with the statute of limitations suspended for a period of thirty (30) days following the date of entry of final judgment in this case. *See* Mills v. Criminal District Court No. 3, 837 F.2d 677, 680 (5th Cir. 1988); Rodriguez v. Holmes, 963 F.2d 799, 802 (5th Cir. 1992).

<u>RECOMMENDATION</u>

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. It is further recommended that the statute of limitations be suspended for a period of thirty (30) days from the date of entry of final judgment in the case.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 7th day of November, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE